UNITED STATES v. LIPMAN'S (No. 5180)*

United States Court of Customs and Patent Appeals, May 6, 1965

*John W. Douglas*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *Sheila N. Ziff*, for the United States.

*Siegel, Mandell & Davidson* (*David Serko, Allan H. Kamnitz*, of counsel) for appellee.

─────────

*C.A.D. 859.

60

[Oral argument April 5, 1965, by Mrs. Ziff and Mr. Serko]

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Jr., Associate Judges.

SMITH, Judge, delivered the opinion of the court:

The Government appeals from a decision and judgment of the Customs Court (C.D. 2444) which held that the subject merchandise, invoiced as "Garden Hose Nozzles," had been improperly classified. One judge dissented.

A sample of the merchandise was introduced into evidence at the trial as plaintiff's exhibit 1. It is an ordinary garden hose nozzle, which has been stipulated by the respective parties to this appeal to be in chief value of brass, not plated with platinum, gold or silver or colored with gold lacquer.

The merchandise was classified by the collector under paragraph 397 of the Tariff Act of 1930 (as modified by GATT, 82 Treas. Dec. 305, T.D. 51802) which provides, in pertinent part:

> Articles, or wares not specially provided for, whether partly or wholly manufactured:
>
> * * * * * * *
>
> Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:
>
> * * * * * * *
>
> Other * * * _____ 22½% ad val.

In sustaining appellee's protest to the above classification, the Customs Court held that the merchandise should have been classified under paragraph 339 of the Act (as modified by Gatt; supplemented by Presidential proclamation, 83 Treas. Dec. 166, T.D. 51909), which provides:

> Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for:
>
> * * * * * * *
>
> Not plated with platinum, gold, or silver, and not specially provided for:
>
> * * * * * * *
>
> Other:
> Composed wholly or in chief value of brass_____ 15% ad. val.

All three judges agreed that the nozzles are "utensils" within the meaning of paragraph 339, but the dissenting judge was unwilling to accept the majority's further characterization of them as "household" utensils. Since the Government has not urged that the nozzles are *not* utensils, the sole issue for our determination is whether the court below erred in holding that they were "household" utensils.

The testimony of record is that of a single witness, one Blumberg, vice-president in charge of sales for subsidiaries of appellee. Blumberg's testimony sufficiently establishes the following facts:

When the nozzle is in use it is affixed to a hose, and the hose is then attached to an outlet. The nozzle is easily attached and removed by hand without the aid of tools. The range of water spray is controlled by rotating the outer portion of the nozzle; the flow of water can also be completely shut off in this way. Any member of the household is generally able to use the device, and it is employed in and around the home in washing out basements, cleaning out garages, washing thresholds, walks, windows and exteriors, and in watering flower beds and shrubbery. The chief use of the nozzle is in and around one-family dwellings, although it can be used to wash out a machine shop or a public garage, or in a multitude of other applications.

The dissenting member of the Customs Court and the Government share the view, as expressed in the Government's brief, that:

* * * the term "household utensils" in paragraph 339 refers to utensils used by the members of the household either for their personal convenience and comfort, or for the care and maintenance of the household, *in the household*.

Cited in support of this proposition are *Frank P. Dow Co.* v. *United States*, 21 CCPA 282, T.D. 46816; *I. W. Rice & Co.* v. *United States*, 24 CCPA 114, T.D. 48415; *F. W. Woolworth Co.* v. *United States*, 26 CCPA 221, C.A.D. 20; *Pramette Juvenile Furniture Co.* v. *United States*, 36 CCPA 61, C.A.D. 398.

In *Davies, Turner & Co.* v. *United States*, 47 CCPA 129, C.A.D. 744, after reviewing the *I. W. Rice* and *Frank P. Dow* cases, supra, we said:

Unless there is some compelling reason to do otherwise, which we do not apprehend, this case should be decided by applying the precedents which have been established by this court with reference to paragraph 339. * * *

We retain this conviction, and are convinced that the reasoning underlying the above-cited decisions is sound. However, while we are in general agreement with the Government's interpretation of these cases, it would appear in light of the facts of the case at bar that the Government feels they establish a criterion for "household utensils" that the items be used *inside the house*, either exclusively or chiefly. We cannot agree, for we think it would be an unnecessary and artificial limitation to restrict the term "household," as it is used in paragraph 339, to the interior of a dwelling, and one not contemplated by the foregoing decisions. The term "household" is broader than the mere physical structure of a house. Indeed, as this court said in the *I. W. Rice* case, supra, "the term 'household' means family."

There can certainly be no doubt that the subject merchandise is used chiefly within the family group.

Furthermore, we agree with the majority of the Customs Court that:

* * * in this era of existence there is an increasing tendency on the part of suburban and rural householders to spend much leisure time out of doors, in areas immediately adjacent to the home. The incidence of patio living and outdoor dining is of such common occurrence as to fall naturally within the purview of judicial observation, from which it is reasonable to infer that implements of such living respond as readily to the characterization of household utensils as do more conventional articles whose uses are confined to the interiors of homes.

The imported garden hose nozzles have utility both inside and outside family dwellings. In addition, the *chief* uses for such goods, as established by the record evidence, are for cleaning and watering in and around such dwellings. We hold that such applications amount to use within the household, as that concept has been expounded by the decisions of this court, and that the imported articles are therefore "household utensils" within the meaning of paragraph 339.

The judgment is *affirmed*.